IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SAMUEL CURDO** | : | **CIVIL ACTION** |
| | : | |
| v. | : | NO. 24-132 |
| | : | |
| **COUNTY OF CHESTER,** | : | |
| **PRIMECARE MEDICAL, INC.,** | : | |
| **JACLYN CASEY, GABRIELLA** | : | |
| **CHECCI, KAREN MURPHY, DR.** | : | |
| **MARTIN ZARKOSKI** | : | |

# MEMORANDUM

**KEARNEY, J.**                                                                                      **January 16, 2024**

The Commonwealth presently detains Samuel Curdo at the Chester County Prison while he awaits his criminal trial in state court. Mr. Curdo today sues Chester County, PrimeCare Medical, Inc. and PrimeCare Physician Assistants Jaclyn Casey and Gabriella Checchi, Administrator Karen Murphy, and Dr. Martin Zarkoski for denial of medical care under the Fourteenth Amendment.[1] He also asks we order the state actors provide him medical care without delay. Mr. Curdo pro se sued the four individual PrimeCare employees in their official and individual capacities.[2] We granted Mr. Curdo leave to proceed without paying filing fees.[3] Congress requires we now screen his pro se Complaint before issuing summons.

Mr. Curdo may proceed to service of the summons on his allegations other than his claims for damages from the PrimeCare employees in their official capacities.

**I.    Alleged pro se facts.**

Mr. Curdo suffers from dental issues, gastrointestinal conditions, and skin infections including open sores.[4] Mr. Curdo seeks damages, including punitive damages, for the alleged deprivation of medical care in violation of the Fourteenth Amendment. He also seeks prospective injunctive relief asking us to order state actors to provide medical treatment without delay.[5]

Mr. Curdo claims Chester County and PrimeCare Medical are liable to him under a *Monell* municipal theory of liability based on a policy or custom.[6] Chester County and PrimeCare Medical, as a contractor providing medical care for the persons incarcerated in Chester County Prison, have a policy and custom to deny dental care, medical care, and mental health access for non-medical reasons, including a policy to delay access to medical care and ignore requests for medical care.[7] Administrator Murphy and Physician Assistants Casey and Checchi acted with deliberate indifference to his serious medical needs causing him pain by ignoring his repeated requests for medical care.[8] Dr. Zarkoski, a dentist, refused to provide him dental care for severe tooth pain.[9] Mr. Curdo sues four individual employees of PrimeCare Medical in their individual and official capacities.

## II.   Analysis

We liberally construe Mr. Curdo's pro se Complaint as alleging civil rights claims against Chester County and PrimeCare Medical for the denial and delay of medical and dental care caused by the policy and custom of Chester County and PrimeCare Medical as the contracted provider of medical care for the Chester County Prison.

Congress does not confer substantive rights through section 1983; rather, section 1983 is the vehicle used to bring federal constitutional claims in federal court. Mr. Curdo must plead two elements to proceed on his civil rights claims: (1) a person acting under color of state law committed the complained-of conduct; and (2) the conduct deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States.[10]

We review Mr. Curdo's Complaint before issuing summons consistent with our screening obligations. We must dismiss Mr. Curdo's Complaint before issuing summons if we find his claim is frivolous or malicious, he fails to state a claim on which relief may be granted, or he seeks

2

monetary relief against persons immune from such relief.[11] We apply the same standard under Federal Rule of Civil Procedure 12(b)(6) when considering whether to dismiss a complaint under section 1915(e)(2)(B)(ii).[12] Mr. Curdo can meet the Rule 12(b)(6) standard if he pleads "sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'"[13]

We are directed by our Court of Appeals to be "mindful of our 'obligation to liberally construe a pro se litigant's pleadings ... particularly when the pro se litigant is imprisoned.'"[14] Our Court of Appeals directs us to apply relevant legal principles even if the Complaint fails to name them.[15] But "pro se litigants still must allege sufficient facts in their complaints to support a claim" and "cannot flout procedural rules."[16] We accept all facts in Mr. Curdo's Complaint as true and construe facts in the light most favorable to him to determine whether he states a claim to relief plausible on its face.[17]

### A. We dismiss Mr. Curdo's claims for damages against the individual PrimeCare employees in their official capacities.

Mr. Curdo sued Physician Assistants Casey and Checchi, Administrator Murphy, and Dr. Zarkoski in their official capacities for the alleged deprivation of medical and dental care in violation of the Fourteenth Amendment.[18] Mr. Curdo alleges PrimeCare contracted with the County to provide medical services to the Chester County Prison and its four employees working in the Chester County Prison.[19]

Claims against the individual PrimeCare employees in their official capacities are treated as claims against the municipality employing them, here PrimeCare, a state actor by its alleged contract with the County.[20] Individual capacity claims seek to impose personal liability on a government official for actions taken under color of state law.[21] Official capacity claims "generally represent only another way of pleading an action against an entity of which an officer is an agent" and are treated as a suit against the entity.[22]

3

We dismiss claims against the individual PrimeCare employees in their official capacities. The remaining claims against the four PrimeCare employees in their individual capacities and claims against the County and PrimeCare Medical will proceed to service.

### B. We allow Mr. Curdo to proceed to service on his claims for prospective injunctive relief against the four employees in their official capacities.

Mr. Curdo also seeks prospective injunctive relief.[23] He asks us to "give instruction on giving treatment for serious medical needs without delay, and to fix any and all non-medical customs stop[p]ing required medical care and protect the health of plaintiff."[24] We understand he is asking for prospective injunctive relief to order the County, PrimeCare, and its four employees to provide him medical care going forward without delay.

A suit against an official in his or her official capacity is not a suit against the official but rather one against the official's office and is no different from a suit against the state actor itself.[25] But a suit against an official for prospective injunctive relief in his or her official capacity is not treated as a suit against the local government itself.[26] Mr. Curdo may proceed to service upon the four PrimeCare employees in their individual and official capacities for prospective injunctive relief.

## III. Conclusion

We dismiss Mr. Curdo's official capacity claims for money damages against Physician Assistants Jaclyn Casey and Gabriella Checchi, Administrator Karen Murphy, and Dr. Martin Zarkoski. All other claims will go forward to service through the U.S. Marshal Service.

---

[1] The incarcerated Mr. Curdo pro se pleads claims against "Prime Care Medical, Inc."  ECF No. 2 at 2. We take judicial notice and refer to this known entity as its legal entity name of "PrimeCare Medical, Inc."—without a space between "Prime" and "Care"—or "PrimeCare."

[2] ECF No. 2 at 4–5 (using the pagination assigned by the CM/ECF docketing system).

[3] ECF No. 5.

---

[4] ECF No. 2 at 8–10, 12–18.

[5] *Id.* at 17–18.

[6] *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658 (1978).

[7] ECF No. 2 at 8–9, ¶ A.1.

[8] *Id.* at 9–10, ¶¶ 2, 3; 12–15, ¶¶ 2–3, 5–10.

[9] *Id.* at 13, ¶ 4.

[10] *Schneyder v. Smith*, 653 F.3d 313, 319 (3d Cir. 2011).

[11] 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

[12] *Elansari v. Univ. of Pa.*, 779 F. App'x 1006, 1008 (3d Cir. 2019) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

[13] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[14] *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (quoting *Higgs v. Att'y Gen.,* 655 F.3d 333, 339 (3d Cir. 2011) and citing *Mala v. Crown Bay Marina, Inc*., 704 F.3d 239, 244–45 (3d Cir. 2013)).

[15] *Yogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (quoting *Mala*, 704 F.3d at 244–45).

[16] *Id.* (quoting *Mala*, 704 F.3d at 245).

[17] *Elansari,* 779 F. App'x at 1008.

[18] Mr. Curdo alleges he is a pre-trial detainee. *See* ECF No. 2 at 6. The alleged denial of medical care to a pre-trial detainee claim arises under the Due Process Clause of the Fourteenth Amendment rather than the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 103–04 (1976) (the failure to provide adequate medical care to convicted prisoners constitutes cruel and unusual punishment under the Eighth Amendment). The Fourteenth Amendment "affords pretrial detainees protections at least as great as the Eighth Amendment protections available to a convicted prisoner." *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 581 (3d Cir. 2003) (cleaned up).

[19] ECF No. 2 at 9, ¶ A.1.

[20] *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985).

[21] *Id.*

---

[22] *Id.*

[23] ECF No. 2 at 18.

[24] *Id.*

[25] *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (citing *Graham*, 473 U.S. at 165–66)); *see also Iles v. de Jongh*, 638 F.3d 169, 177–78 (3d Cir. 2011) (official capacity claims are prospective injunctive relief are not treated as actions against the state, citing *Will*).

[26] *Will*, 491 U.S. at 71, n.10 (quoting *Graham*, 473 U.S. at 167, n.14).